1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SANDRALEE MARY HURST,                    Case No.  1:22-cv-00235-HBK[1]

12                 Plaintiff,                 ORDER GRANTING AWARD AND
                                              PAYMENT OF ATTORNEYS FEES UNDER
13         v.                                 THE EQUAL ACCESS TO JUSTICE ACT

14   KILOLO KIJAKAZI, ACTING                  (Doc. No.  16)
     COMMISSIONER OF SOCIAL
15   SECURITY,

16                 Defendant.

17

18         Pending before the Court is the parties' stipulated motion for award of attorney's fees

19   filed on November 21, 2022.  (Doc. No. 16).  The parties agree to an award of attorney's fees and

20   costs to Plaintiff's attorney, Melissa Newel, in the amount of $6,759.51 in attorney fees, and

21   $402.00 in costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id*.).

22         On August 25, 2022, this Court granted the parties' stipulated motion for a remand and

23   remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

24   further administrative proceedings.  (Doc. No. 14).  Judgment was entered the same day.  (Doc.

25   No. 15).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)

26

27   [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. No. 8).

28

1 & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

2 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42

3 U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

4 (Doc. No. 16).

5        The EAJA provides for an award of attorney fees to private litigants who both prevail in

6 civil actions (other than tort) against the United States and timely file a petition for fees.  28

7 U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

8 unless it finds the government's position was "substantially justified or that special circumstances

9 make such an award unjust."  *Id*.  Here, the government did not show its position was

10 substantially justified and the Court finds there are not special circumstances that would make an

11 award unjust.

12        Based on the stipulation, the Court finds an award of $6,759.51 in attorney fees and

13 $402.00 in costs is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed

14 under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192

15 (2010).  If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA

16 fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise

17 transmitted to Plaintiff's counsel.

18        Accordingly, it is **ORDERED:**

19        1.  The stipulated motion for attorney fees and costs (Doc. No. 16) is **GRANTED**.

20        2.  The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

21 the amount of $6,759.51 in attorney fees and $402.00 in costs.  Unless the Department of

22 Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the

23 EAJA fees to Plaintiff's counsel, Melissa Newel of Newel Law, in accordance with Plaintiff's

24 assignment of fees and subject to the terms of the stipulated motion.

25 Dated:    November 22, 2022

26                                          HELENA M. BARCH-KUCHTA
                                           UNITED STATES MAGISTRATE JUDGE
27

28

2